*669 By the Court.
Bosworth, J.
The fact that the defendant gave his check to the plaintiffs for the amount owing to them, on account of a loan previously made, is no bar to an action to recover for the money lent. The plaintiffs cannot recover without producing the check, on the trial, to be cancelled. If they do that, they may recover. Unless, therefore, the answer, in addition to stating that such a check was given, alleges other facts showing affirmatively, that it is out of the possession and control of the plaintiffs, it does no.t state enough to make a perfect defence.
This was expressly decided in Burdick v. Green, (15 J. R. 247,) and substantially reaffirmed in Hughes v. Wheeler, (8 Cowen, 77.)
As a matter of evidence, it would probably be sufficient to prove the giving and acceptance of defendant’s check, or negotiable note, for the amount of the original consideration. If the plaintiffs then failed to produce the check, or to prove that it was lost or casually destroyed while they owned it, a jury might properly find that the plaintiffs had parted with their property in, and control over it. An answer that the plaintiffs had endorsed and delivered it to a third person, who continued to possess and own it, would be supported by such evidence.
The conclusions of law, upon any given state of facts, are the same now as they were before the Code.
We see no grounds for now holding an answer to be good in substance, which merely states such facts, as if contained in a special plea in bar, would make a plea which, under the old system, would have been held bad on general demurrer. A plea containing the facts stated in this answer, would be held bad, not as amounting to the general issue, but because they are insufficient to show the plaintiff has no right to recover. The order appealed from must be affirmed, with costs.